*East'n District.*
*March, 1823.*

LAFON'S EXS.
*vs.*
RIVIERE'S EX.

---

### VEECHE vs. GRAYSON.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The petition states, that the defendant

If the appellee accept service of the appeal, after the return day is expired, he

East'n. District.
*March*, 1823.

VEECHE
*vs.*
GRAYSON.
_____

waves his right
to have it dis-
missed.
   Parol evidence
cannot be recei-
ved to prove
that a note
which is expres-
sed to be paid
in dollars, was
to be dischar-
ged in bank
notes of the
bank of Ken-
tucky.
   Parol evi-
dence may be
received to es-
tablish services
rendered by an
attorney before
a justice of the
peace.

and Ward, gave their joint and several note to Olivia Winchester, in the state of Kentucky—that the plaintiff has since married said Olivia, and became thus entitled to the amount of the note, &c.—that it was the intention of the parties, manifested by an endorsement, subscribed by Ward, that interest should be paid from the date—that the interest in Kentucky, is at the rate of 6 per cent.

The defendant pleaded the general issue, further, that at the time of the execution of the note, and ever since, the currency and medium of exchange in Kentucky consisted of the notes of the bank of that state and its branches—that by and according to the usage and custom of trade, the notes or contracts of individuals, there made to pay money, were and are payable in 'said notes—that the note annexed to the petition was, and is so payable: that before the inception of the present suit, he tendered its amount, in notes of said bank, to the plaintiff, which he refused, and the defendant is still ready to pay. He further pleaded a set-off.

B. Winchester proved the defendant's signature, and that of Ward, to the note; and that of the latter to the endorsement—the

plaintiff's marriage with Olivia.    The de-
fendant, at the plaintiff's request, attended as
his counsel, on a charge of murder, before two
justices of the peace, in Jefferson county,
Kentucky; and in the circuit court, on an in-
dictment for that offence.    This testimony,
was taken, liable to all objections.

There was judgment against the defendant
for the amount of the note, with interest from
the day it became payable.    He appealed.

The case is presented to us on two bills of
exceptions, taken by the defendant.

He offered to prove, that before, at, and
ever since the execution of the note, the cur-
rency and medium of exchange, in Kentucky,
where it was executed, consisted of notes of
the bank of Kentucky and its branches; and
that by and according to the custom and usage
of trade, notes of individuals, made to pay mo-
ney, were and are, payable in the above notes,
unless the contract expressly provides for pay-
ment in specie—that the note sued upon, had
no such provision; and on the first of Febru-
ary, 1822, before the inception of the present
suit, the defendant tendered notes of the
above bank in payment, to the plaintiff, which

he refused, and still does refuse to accept. The plaintiff's counsel opposed the testimony, and the opposition being sustained, the defendant took a bill of exceptions.

The defendant further offered to prove, that, at the plaintiff's request, he appeared to defend him, on a charge of murder, before two justices in Kentucky, and on another prosecution for a like offence, in the circuit court, in Kentucky, and had the defendant admitted to bail—that his services in these two instances, are worth $1000. The testimony was objected to, and the objection sustained, when the defendant took a bill of exceptions.

The plaintiff moved to dismiss the appeal, as it was returnable to the first Monday of July, and was not returned, till the December term following.

By an endorsement on the back of the record, the plaintiff and appellee accepted service on the 5th of December, four days before it was filed in this court. We are of opinion, that this endorsement, dated after the return day, is evidence that the plaintiff consented, that notwithstanding the delay which had intervened, he was willing that the case should be placed on the docket of this court.

By the constitution of the United States,
Congress has power to coin money and re-
gulate the value of foreign coins—*art.* 1 *sect.* 8.
It is therefore to their act we are to recur, in
order to ascertain the value of the American
or Spanish *dollar.* Parol evidence, therefore,
was properly rejected to establish, that the
party, who bound himself to pay nine hundred
and seventy-two dollars, intended to promise
to pay less than his expressions manifest,
when tested by the law of the land. We
therefore conclude, the court did not err in
rejecting parol testimony, in this respect.

A counsel, who defends a prisoner, is not
always named in the record of his trial. In-
deed, he is very seldom so; and the produc-
tion of such a record, in which no counsel on
the part of the prisoner was mentioned, would
not be even *prima facie* evidence, that a gen-
tleman, who claimed the reward of his ser-
vices, did not render them. Even if another
attorney was named as the prisoner's counsel,
he might well urge, that he had aided in the
trial, and rendered services; several counsel
are often engaged, and in such a case, all
are seldom named in the record.—2 *Phillip's
on Evidence,* 77.

East'n District.
*March,* 1823.

VEECHE
*vs.*
GRAYSON.

We think the district court erred in rejecting the evidence of the alledged services.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided, and reversed ; and that the case be remanded, with directions to the judge to try the cause anew, and allow parol evidence of the defendant's services ; and that the plaintiff and appellee pay the cost of this appeal.

*Peirce* for the plaintiff, *Livingston* for the defendant.